No. 38,098

FREDERICK T. KITCHENER and EUGENIE KITCHENER, his wife, the parents and next of kin of Frederick David Kitchener, Deceased, *Appellants*, v. C. L. WILLIAMS, *Appellee*.

(236 P. 2d 75)

Opinion filed October 6, 1951.

W. M. Beall, of Clay Center, argued the cause and D. Basil Rankin, of Idana, was with him on the briefs for the appellants.

LaRue Royce, of Salina, argued the cause, and Charles L. Hunt and Frank C. Baldwin, both of Concordia, and E. S. Hampton, H. H. Dunham, Jr., John Q. Royce, and H. G. Engleman, all of Salina, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is a companion appeal to *Kitchener v. Williams*, 171 Kan. 540, 236 P. 2d 64. They were not consolidated but were argued together.

The petition referred to and described the same automatic hot water heater and the same explosion. The difference in the two cases is that in the former, Frederick T. Kitchener was injured, while in this one Frederick David Kitchener, the two-year-old son of the Kitcheners, was killed. The petition contained the necessary allegations and the action is brought by the parents pursuant to G. S. 1947 Supp. 60-3203.

The defendant demurred to the petition on the ground it showed on its face that the cause of action was barred by G. S. 1935, 60-306, third subdivision, and 60-307. This demurrer was sustained and the plaintiffs have appealed.

The allegations as to negligence and as to dates are identical with those of the petition in the former appeal.

The section, pursuant to which this action was brought, is G. S. 1947 Supp., 60-3203. It provides, in part, as follows:

"When the death of one is caused by the wrongful act or omission of another the personal representative of the former may maintain an action therefor against the latter or his personal representative if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. The action must be commenced within two years. In any such action, the court or jury may award such damages as may seem fair and just under all the facts and circumstances, but the damages cannot exceed fifteen thousand dollars and must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

This action was brought in time following *Kitchener v. Williams,* 171 Kan. 540, 236 P. 2d 64.

The judgment of the trial court is reversed with directions to overrule defendant's demurrer and proceed with the trial of the action.

HARVEY, C. J., THIELE and PARKER, JJ, dissent.